## BELLOWS v. CRANE LUMBER CO.

1. CONTRACTS—ACTION FOR BREACH—EVIDENCE.
    In an action to recover damages for the defendant's failure to sort, within a reasonable time, logs driven by it under contract with the plaintiff, the latter may be asked if the defendant drove and sorted the logs specified in the contract, as against an objection that the question calls for the expression of an opinion, and, by combining the contracts to drive and sort, tends to confuse the jury, where the details of the transaction are fully elicited.

2. APPEAL—GROUND OF OBJECTION—REVIEW.
    Alleged error in permitting a question to a witness, over an objection, cannot be considered on appeal, where no reason for the objection was stated.

3. TRIAL—LEADING QUESTIONS—DISCRETION OF COURT.
    The exclusion of a question objected to as leading is within the discretion of the trial court.

4. CONTRACTS—EVIDENCE.

> A completed contract to drive logs is competent evidence in an action to recover damages for the defendant's failure to sort them within a reasonable time, under another contract, when admitted for the sole purpose of showing whether the sorting was completed within a reasonable time.

Error to Benzie; Aldrich, J. Submitted January 5, 1899. Decided March 6, 1899.

*Assumpsit* by Elwin Bellows and Adelbert Bellows against the Crane Lumber Company for the breach of a contract to assort logs. From a judgment for plaintiffs, defendant brings error. Affirmed.

Plaintiffs and defendant were engaged in lumbering. Plaintiffs had a mill on Betsie lake.· One Butler was also engaged in lumbering at the same place. The logs of these three parties came down Betsie river. On March 18, 1895, plaintiffs and defendant made an agreement by which the latter agreed to drive these logs, and deliver them below what was known as "Lewis Bridge." On April 16, 1895, they also made another contract, by which the defendant agreed to assort all the logs of plaintiffs and of Butler. No time was fixed when this work under the second contract was to be finished. The logs were driven as agreed, but a portion of them were not assorted during the season of 1895, and not until the season of 1896. Plaintiffs brought suit for damages for nonperformance of the latter contract, and recovered a verdict of $500.

*Pratt & Davis* and *D. G. F. Warner*, for appellant.

*George Whitbeck* and *Smurthwaite & Fowler*, for appellees.

GRANT, C. J. (*after stating the facts*).   1. The first assignments of error relate to the admissibility of testimony.   One of the plaintiffs was asked, "Did the defendant drive and sort all of your logs specified in these

contracts?" It is urged that the question calls for an opinion, and not for a statement of fact; that it combined both contracts, and confused the jury; and that the witness was called upon to decide the issue, since the contract for sorting the logs specified no time. We think there is no force in these objections. The question clearly called for a statement of fact, and the examination and cross-examination elicited all the facts in regard to the transaction, so that there was no possibility of the jury being misled or confused.

In objecting to another question, no reason was stated. Under repeated decisions, we cannot, therefore, consider it.

Objection to another question was sustained because it was leading. This was a matter entirely within the discretion of the court, and we see no abuse of that discretion.

2. The contract for driving was completed, and counsel for the defendant objected to the admission of this contract, and to all testimony relating to it, and at the close of the testimony moved to strike out all such testimony, which motion was denied. This contract was admitted and considered for the sole purpose of showing whether the sorting was completed within a reasonable time. It was upon this theory that the case was submitted to the jury. It was competent for that purpose, and upon no theory could it have been prejudicial to the defendant.

3. The bill of particulars contained various items of damages, but only one was submitted to the jury, viz., the alleged depreciation in the value of lumber from the fall of 1895 to the spring of 1896, when the logs were delivered. There was evidence to sustain this claim, and it was submitted to the jury under fair and impartial instructions.

We find no error upon the record, and the judgment is affirmed.

The other Justices concurred.